UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jaquan Brooks, | ) | Civil Action No.: 4:16-cv-02006-RBH |
| | ) | Crim. No.: 4:11-cr-00079-RBH-2 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's [ECF No. 435] motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner, through counsel, moves to vacate his sentence arguing that his conviction under 18 U.S.C. § 924(c) is no longer valid following *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner's argument is premised on the notion that Hobbs Act robbery under 18 U.S.C. § 1951 fails to qualify as a predicate crime of violence for a § 924(c) conviction post-*Johnson* and *Welch*.

On June 23, 2016, the government filed a response and motion for summary judgment [ECF Nos. 445, 446] arguing Petitioner's motion to vacate is untimely and that Hobbs Act robbery continues to qualify as a predicate crime of violence for a conviction under 18 U.S.C. § 924(c). For the reasons stated below, the Court grants Respondent's Motion for Summary Judgment, dismisses Petitioner's Motion to Vacate, and dismisses this case with prejudice.[1]

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

**Procedural History**

On January 25, 2011, Petitioner was indicted, along with several co-defendants, in an eighteen count indictment. Petitioner was named as a defendant in counts 1, 6-7, 14-15, and 18. Count 1 alleged a conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). Counts 6-7 alleged that Petitioner committed two Hobbs Act robberies in violation of 18 U.S.C. § 1951(a) that occurred on June 25, 2010. Counts 14 - 15 alleged the Petitioner used or carried a firearm during the Hobbs Act robberies alleged in counts 6-7 in violation of 18 U.S.C. § 924(c). Count 18 alleged that Petitioner was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On July 28, 2011, Petitioner pled guilty to Counts 6 and 14 pursuant to a Rule 11(c)(1)(C) plea agreement that provided for a stipulated sentence of 19 years. The plea agreement involved the dismissal of counts 1, 7, 15, and 18. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that, as to count 6, Petitioner's advisory guideline range was 30 to 37 months. As to count 14, which involved the discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), Petitioner's statutory mandatory minimum sentence was 10 years.

On October 14, 2011, Petitioner was sentenced to a term of 228 months or 19 years as provided in the Rule 11(c)(1)(C) plea agreement. The judgment was filed on October 14, 2011. Petitioner timely appealed his conviction and sentence, which was affirmed by the Fourth Circuit Court of Appeals on June 12, 2012. The Mandate and Judgment were issued on July 5, 2012.

Petitioner, through counsel, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on June 17, 2016.

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted) For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

**Legal Standard for Summary Judgment**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a

genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

## Discussion

Petitioner seeks to vacate his 18 U.S.C. § 924(c) conviction alleged in count 14 of the indictment. Petitioner argues that he was convicted of a non-offense over which this Court did not have jurisdiction as Hobbs Act robbery under 18 U.S.C. § 1951(a) fails to qualify as a predicate "crime of violence" under the "force clause" at 18 U.S.C. § 924(c)(3)(A) or the "residual clause" at § 924(c)(3)(B) following *Johnson* and *Welch*.

To sustain a conviction under 18 U.S.C. § 924(c), the government must prove beyond a reasonable doubt that the defendants "(1) used or carried a firearm and (2) did so during and in

4

relation to a 'crime of violence.'" *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015). A "crime of violence" is defined as "an offense that is a felony and (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. at 497-98 (citing 18 U.S.C. § 924(c)(3)). Section 924(c)(3)(A) is referred to as the "force clause." Section 924(c)(3)(B) is referred to as the "residual clause."

Hobbs Act robbery is codified at 18 U.S.C. § 1951, which provides in relevant part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
> (b) As used in this section--
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Petitioner argues the categorical approach should be applied to determine whether Hobbs Act robbery is a "crime of violence."[2] Petitioner argues that Hobbs Act robbery categorically fails

---

[2] In determining whether an offense qualifies as a "crime of violence," the court may employ the "categorical approach" or the "modified categorical approach." *Fuertes*, 805 F.3d at 498. The "categorical approach" applies when a statute contains a single indivisible set of elements - that is, "the jury need not agree on anything past the fact that the statute was violated." *Id*. The "modified categorical approach" applies when a statute is divisible. *Id*. A statute is divisible if it "sets out one or more elements of the offense in the alternative - for example, stating that burglary involves entry into a building or an automobile." *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013).

When using the "categorical approach" to determine whether an offense is a "crime of violence," the court looks only to the fact of conviction and the statutory definition of the offense. *Fuertes*, 805 F.3d at 498. The court must then

5

to qualify as a crime of violence under the force clause (§ 924(c)(3)(A)) because Hobbs Act robbery can be committed without the "use, attempted use, or threatened use of physical force against the person or property of another." Specifically, Petitioner contends that Hobbs Act robbery can be accomplished by placing the victim in "fear of injury," which does not require an intentional threat of violent force as is necessary for an offense to qualify as a crime of violence under the force clause of § 924(c)(3)(A). "Violent force" is force capable of causing physical pain or injury to another person. *See Johnson v. United States*, 559 U.S. 133, 140 (2010).

This Court has previously held that Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(A). *See United States v. Hayes*, No. 4:18-cr-00521-RBH-1, 2018 WL 6267903, at *8 (D.S.C. Nov. 30, 2018); *United States v. Vanderhorst*, No. 4:17-cr-00865-RBH-1, 2018 WL 2462873 (D.S.C. May 31, 2018); *United States v. Wheeler*, No. 4:15-cr-00337-RBH-1, at ECF No. 115 (D.S.C. May 16, 2016). Moreover, "[t]he overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A)." *United States v. Williams*, No. 0:99-cr-00659-CMC-7, 2019 WL 1058092, at *2 (D.S.C. Mar. 6, 2019) (collecting cases). The Fourth Circuit has not addressed this issue, but "all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A)." *Id.*; *see United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017); *United States

---

determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a "crime of violence." *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). Under the "modified categorical approach," "courts may look beyond the statutory text and consult a limited set of documents in the record" to determine the nature of the crime charged. *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014). Those documents may include the indictment. *Johnson v. United States*, 559 U.S. 133, 144 (2010).

*v. Buck*, 847 F.3d 267 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016); *United States v. House*, 825 F.3d 381 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016).

Since Hobbs Act robbery qualifies as a predicate crime of violence under the force clause found at § 924(c)(3)(A), Petitioner's motion to vacate is due to be denied and the government is entitled to summary judgment. Because this Court has found that Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc) does not affect the Court's decision.[3]

The Court also finds that Petitioner's motion to vacate is untimely. Petitioner was sentenced on October 14, 2011. Petitioner filed a notice of appeal the same day. Judgment was also entered on October 14, 2011. On June 12, 2012, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. The Mandate and Judgment were issued on July 5, 2012. Petitioner filed the pending § 2255 motion to vacate on June 17, 2016. Because Petitioner's § 2255 motion to vacate was filed more than one year after Petitioner's conviction became final and none of the other three potential triggering dates set forth in 28 U.S.C. § 2255(f) apply to this case, Petitioner's motion to vacate is due to be dismissed as untimely.[4]

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a

---

[3] In *Simms*, the Fourth Circuit held that the ***residual*** clause of § 924(c)(3)**(B)** was unconstitutionally vague. 914 F.3d at 232.

[4] Also, Petitioner has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling. *See generally Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (discussing equitable tolling).

7

prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

For the reasons stated above, the government's [ECF No. 446] motion for summary judgment is **GRANTED** and Petitioner's [ECF No. 435] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

| | |
|---|---|
| May 21, 2019 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |